UNITED STATES of America

v.

**Joseph Francis CAIN, Defendant.**

**No. CR 93–311–FR.**

United States District Court,
D. Oregon.

Feb. 28, 1995.

Kristine Olson Rogers, U.S. Atty., Michael J. Brown, Asst. U.S. Atty., Dist. of Oregon, Portland, OR, for U.S.

Paul M. Ferder, Ferder, Ogdahl, Brandt & Casebeer, Salem, OR, for defendant.

## OPINION AND ORDER

ROBERT E. JONES, District Judge:

The court has received defendant's motion to vacate his sentence and dismiss his criminal conviction on the grounds of double jeopardy.

After considering the materials submitted by defendant I conclude that the motion must be denied. This court has recently ruled that jeopardy attaches in a civil forfeiture action when final judgment of forfeiture is entered. See attached opinion in *United States v. Martin Hobart Stanwood,* 872 F.Supp. 791(D.Or.1994). The facts set out by

defendant establish that jeopardy attached in the criminal case on February 22, 1994, when Cain entered a guilty plea, and that jeopardy did not attach in the civil forfeiture case until July 12, 1994. Therefore, the criminal conviction did not violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

Accordingly, Cain's motion to vacate sentence and dismiss criminal conviction is denied.